All right, our final case for today is Jamal Lavin Hancock and Levan Galleries against So Mr. Oparanozzi, I hope that's close. Thank you. We will hear, it's your turn. Come on up. Good afternoon, your honors. May you please the court. Good afternoon, Oparanozzi. I represent the appellants in this case. Your honor, this case is a precedent-setting case and I will explain why in my argument. This case arose as a result of a police report that was written that we subsequently discovered in 2018. This was written in 2016 and based on this police report, my client was subject to a permanent injunction and a TRO by Sotheby's claiming that he came to the premises and while he was there for business what was this? He was harassing, he was threatening. What court entered any permanent injunction or TRO? No, it was, it was, it was denied. I mean, I think it's denied. I mean, Sotheby's seeks that. Yes. I guess I, let me just put the nub of this to you. We are not here to evaluate the conduct of Sotheby's because that's been done and it's not part of this case. Yes, ma'am. Looking exclusively at what the City of Chicago or Officer Josefowicz was doing, it's very hard for me to see a claim here. Yeah, well, the claim is this. What did the city do wrong? Well, what the city did wrong was, first of all, there was this report claiming there was an investigation. There was no investigation. So what? I mean, if there's no investigation then there's nothing to hurt him. No, Your Honor, but then there was a supplemental report which advised Sotheby's, which we believe is wrong, which advised Sotheby's to get a no-contact order. But then they Yes, Your Honor, but the pivotal difference is this. That order is still live. It's not an order. It's a report. It's a report. It's a suggestion. The police, in a report, suggests that somebody else do something. Right. Public officials suggest that other people do things all the time. Sometimes they act on it, sometimes they don't. Sometimes they act on it and it doesn't work, like here, get a no-contact order. It didn't work. Yes. How is the report, how is the suggestion actionable? Well, if the President of the United States announces in a day of prayer that everybody should pray, is that actionable because it's forced people to pray? No, Your Honor. No, it isn't. That's the correct answer. Yes, we have felt that. No, Your Honor. However, the difference in this case is this is a law enforcement authority and the order is suspended, which means it's not terminated. There is no order. No, Your Honor, the police, I'm sorry, the police report is suspended. So, but you are describing something that has no legal consequence. It is a fact, perhaps, actually it's really not even an unfortunate fact. It is a fact that a lot of things that are undesirable happen to people in life that don't engage the legal system. You know, maybe somebody writes an unpleasant letter about you or they post something on Instagram that you don't like, putting you in an unflattering position, you're eating with your mouth open or something. All kinds of undesirable things happen and the fact that somebody writes a report, somebody in the Chicago Police Department writes a report that says something negative about a person, if there are no concrete legal consequences, no court order, no proceeding, Paul against Davis says, you know, just because something unflattering is in the report isn't enough for 1983, then you just have to cope with it. Your Honor, but this is, this is different. Again, the reason why this is different is, especially as was explained in Spencer versus Kimmer, this is a 1998 U.S. Supreme Court case. Yeah, we know Spencer and Kimmer. Excuse me, Your Honor? It's Kimmer, but anyway, go ahead. Yes, I'm sorry. So, this is similar to that case. Even though the petitioner who petitioned for writ of satiori lost the case, but what came out of that case is that what he was claiming was that he did not receive due process, and when the hearing for his parole was conducted and he was rearrested and put back in jail, now he petitioned for satiori based on lack of due process, and then before that could be heard by the higher court, he was already released. So, the court said that, you know, the incident there was, you know, capable of repetition, yet evading review. So, that's what's happening in this case. My client, Mr. Hancock, cannot walk on that street that Sotheby's was located, and the reason why he can... He's concerned that if he walks on that street, I'm not, I'm not gonna buy that he can't walk there. He has a concern, perhaps rational, perhaps not, that if he walks down Walton Avenue or wherever it is, then Sotheby's will call the Chicago Police, and the Chicago Police will come do something, but that's a very long chain of ifs. If I do this, and then maybe this will happen, maybe this will happen, maybe this will happen, and we deal with concrete things in the courts. Yeah, but it's still concrete to the extent that... No, it's his anticipation of what will happen. True. It's a threat. That threat has not been anticipated, and technically, that report is totally arbitrary and without a rational basis, because number one, their report did not state if he came back to the property, and by the way, he has denied all of this in the complaint. If, you know, did not say if he came back to the property, he'll, you know, call him, call the police. It did not say within two feet, six feet. It was so broad that there's no order. That's the thing. We don't know how broad it is. Right. He's under no legal restraint. Right. So, Your Honor, that's number one. Number two, as far as the, when this complaint was filed, it was filed in 2018 after we discovered this particular supplementary report, and Your Honor, and it became a separate case, and when it was ultimately transferred back to the same judge, that case should have been given ability for amendment, because it's a separate case. How would you have amended it? You didn't tell the district judge, and you didn't say in your brief before us how you could have saved it by an amendment. Well, Your Honor, the, how it could have, because in the previous ones that were dismissed, the court stated that each constitutional account has to have a substantive case violation or any allegation indicating that, what the constitutional violation relates to. So, which is what some of these were missing, and we would have been able to amend that based on this particular case, and also what happened with respect to the overall case is that once it was consolidated back to the same judge, then she saw it as an amended case. It's not an amended case, because when the 17 CV 7446 was filed in 2017, we had not discovered the supplementary report. In fact, the police was not even involved in all of this until we found out this report, and then this was a lumped in as an amendment to previous cases that that came before her. Okay, if you want to save that last minute for rebuttal, I would recommend that you do so. Thank you. So, I will save the balance of my time on rebuttal. All right, very good. Yes, Mr. Byrer. Thank you. Good afternoon, and may it please the court. I'll just address briefly the opposing counsel's arguments regarding the report. As your honors have noted, there were no legal effects from that report. There was no deprivation of liberty or property or anything else that's protected by the strictures of due process. Actually, this case falls pretty squarely under Paul v. Davis. Essentially the same thing was argued there as here, that because false things were said about my status as a criminal, an offender, I'm afraid to go into that neighborhood or into these shops, I believe it was exactly in Paul. That's essentially this case. The Supreme Court said that was not a liberty deprivation of any kind and disposed of on that ground. That same holding controls here as well. If this court has no questions about the remainder of the issues presented, we will rest on our brief. I see none, so thank you. We will hear from Mr. Zekin. Thank you. Mr. Zekin. Zekin. Thank you, Judge. May it please the court. Based on the argument, if the panel has no questions for me, I will rest on what we put in our brief. All right, I see none, so thank you. Thank you. And you saved a minute, Mr. Oparanozzi, if you want it. Your Honors, again, we laid out several counts in this complaint and we felt like if this had been left to proceed, we would have been able to make out a more official case and we've been able to amend it successfully. So we had, let's let's take a look at 42 U.S.C. 1983, one of the counts that we alleged in the complaint, failure to train. Your Honor, when you look at the police report, but the initial one that we discovered in 2017 and the subsequent one we found inconsistencies. The police officer that made the report used two different badges. He used his badge to make a report and used another officer's badge to make a report. Okay, if you would please just summarize your point. Your time is now up. Your Honor, essentially we believe that this case should be reversed on the facts that my client can make out a proficient case for police misconduct and for his constitutional right being deprived. All right, thank you very much. Thanks to all counsel. We will take the case under advisement and the  court is adjourned.